Corrected

# In the United States Court of Federal Claims

No. 20-1384C

(E-Filed: September 21, 2022)

|  |  |  |
|---|---|---|
| AUDIO EVOLUTION DIAGNOSTICS, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Reconsideration; RCFC 59(e); Amendment; RCFC 15; Futility; Failure to Cure Deficiencies. |
| UNITED STATES, | ) ) | |
| Defendant, | ) ) | |
| and | ) ) | |
| GLOBALMEDIA GROUP, LLC, | ) ) | |
| Third-party Defendant. | ) ) ) | |

Joel B. Rothman, Boca Raton, FL, for plaintiff. Layla T. Nguyen and Peter J. Corcoran, III, of counsel.

Grant D. Johnson, Trial Attorney, with whom were Brian M. Boynton, Principal Deputy Assistant Attorney General, and Gary L. Hausken, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant. Scott Bolden, of counsel.

Brett W. Johnson, Phoenix, AZ, for third-party defendant.

OPINION

CAMPBELL-SMITH, Judge.

Before the court are plaintiff's motion to vacate judgment and plaintiff's motion to alter or amend judgment pursuant to Rule 59(e) of the Rules of the United States Court of Federal Claims (RCFC), and plaintiff's motion for leave to amend its complaint pursuant to RCFC 15(a)(2). See ECF No. 60 (motion to vacate judgment); ECF No. 62 (motion to amend judgment); ECF No. 61 (motion for leave to file amended complaint, attaching proposed third amended complaint). Plaintiff filed its motions on August 3, 2022, see ECF Nos. 60-62, and defendant filed its responses to each motion on August 31, 2022, see ECF No. 63 (response to plaintiff's motion to vacate); ECF No. 64 (response to plaintiff's motion for leave to amend); ECF No. 65 (response to plaintiff's motion to amend judgment).

Briefing is now complete, and the motions are ripe for decision. The court has considered all of the parties' arguments and addresses the issues that are pertinent to the court's rulings in this opinion. For the reasons set forth below, plaintiff's motions are each **DENIED**.

I.   Background

Plaintiff filed its original complaint on October 13, 2020, alleging patent infringement by the United States. See ECF No. 1 (complaint). Defendant moved to dismiss plaintiff's complaint on December 14, 2020, arguing in relevant part that plaintiff's claims should be dismissed for failure to state a claim because plaintiff's asserted patents are "ineligible for protection under 35 U.S.C. § 101" as abstract ideas. ECF No. 9 at 6 (motion to dismiss). In response, plaintiff moved to amend its complaint, which the court permitted, see ECF No. 25 (order), and plaintiff filed its first amended complaint on February 24, 2021, see ECF No. 26 (first amended complaint). Defendant then moved to dismiss plaintiff's amended complaint on the same basis as its first motion to dismiss. See ECF No. 27 (motion to dismiss amended complaint). After briefing on defendant's motion was complete, the court ordered plaintiff to file a more definite statement of its claim pursuant to RCFC 12(e) in the form of a second amended complaint, and, consequently, denied defendant's second motion to dismiss as moot. See ECF No. 41 at 2-3 (order).

On November 5, 2021, plaintiff filed its second amended complaint. See ECF No. 42 (second amended complaint). In response, defendant filed a third motion to dismiss, again making the same arguments. See ECF No. 47 (motion to dismiss second amended complaint). The court dismissed plaintiff's complaint on July 1, 2022, and judgment was entered that same day. See ECF No. 54 (opinion, reported at Audio Evolution Diagnostics, Inc. v. United States, 160 Fed. Cl. 513 (2022)); ECF No. 55 (judgment). In so doing, the court held that "plaintiff's asserted patents are directed at the abstract idea of 'collecting, analyzing, manipulating, and displaying data,' and 'filtering patient [physical] signals to increase accuracy.'" Id. at 16 (citations omitted). And the court further held that, "plaintiff's complaint does not recite specific, plausible factual

allegations 'sufficient to ensure that the patent in practice amounts to significantly more' than the abstract idea itself," or "'point[ ] to evidence suggesting [its] techniques had not been implemented in a similar way,' or 'in a specific combination' that would rise to the level of inventiveness." Id. at 18 (citations omitted).  The court thus determined that plaintiff's asserted patents are directed at ineligible subject matter and that plaintiff failed to state a claim upon which relief can be granted.  See id. at 19.

II.     Legal Standards

       A.     Motion to Vacate Judgment & Motion to Alter or Amend Judgment

Plaintiff made both its motion to vacate judgment and its motion to alter or amend judgment pursuant to RCFC 59(e).  See ECF No. 60 at 5; ECF No. 62 at 2.  Rule 59(e) allows a party to file "[a] motion to alter or amend a judgment . . . no later than 28 days after the entry of the judgment."  A motion seeking "'a substantive change in the judgment'"—that is "'a revision which disturbs or revises legal rights and obligations that were settled by the previous judgment'"—will be considered an RCFC 59(e) motion. Johnson v. United States, 127 Fed. Cl. 661, 663 (2016) (quoting Maxus Energy Corp. & Subsidiaries v. United States, 31 F.3d 1135, 1139 (Fed. Cir. 1994); N. States Power Co. v. United States, 79 Fed. Cl. 748, 749 (2007)).  The court will grant a motion pursuant to RCFC 59(e) under "extraordinary circumstances," including: "(1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice."  IAP Worldwide Servs., Inc. v. United States, 141 Fed. Cl. 788, 801 (2019) (internal citations omitted); see also Ajinomoto Co., Inc. v. Archer-Daniels-Midland Co., 228 F.3d 1338, 1350 (Fed. Cir. 2000) (discussing the correlative Federal Rule of Civil Procedure and applicable standard).

       B.     Motion to Amend a Complaint

Rule 15(a)(2) governs a motion for leave to amend a complaint, which requires that leave to amend be "freely given when justice so requires."  Where an amendment after judgment has issued would do "no more than state an alternative theory for recovery," and where "the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief . . . . the leave sought should, as the rules require, be 'freely given.'"  Foman v. Davis, 371 U.S. 178, 182 (1962).  Such leave, however, may be given only in the absence of an "apparent or declared reason" to refuse it, such as futility of amendment or "repeated failure to cure deficiencies by amendments previously allowed."  Id.

III.    Analysis

       A.     Plaintiff Has Not Demonstrated that Vacating or Amending the Judgment Is Appropriate Here

In its first motion, plaintiff argues that the court should "vacate the findings in the judgment" because the court "erred in failing to view the well-pled facts in the [complaint] in the light most favorable to [p]laintiff," relied on case law that is "factually distinguishable and should have no bearing over" plaintiff's claims, and "ignored the well-pled [facts] of the [complaint] . . . contravening controlling law."[1]  ECF No. 60 at 5-6.  Plaintiff asserts in its motion to amend judgment that, if the court denies its motion to vacate the judgment, the court should amend its judgment, which contains "a correctable error."  ECF No. 62 at 2.  According to plaintiff, it "only asserted patent infringement" of two independent claims of its patents, but the court's judgment "does not delineate which specific claims in the asserted patents are directed to ineligible subject matter."  Id.  Plaintiff therefore requests that the court "limit its invalidity finding to apply only" to those independent claims.  Id. at 6.

Defendant responds that plaintiff's arguments "merely reassert[ ] near-identical arguments" from its opposition to the motion to dismiss and plaintiff "offers no argument or evidence that could justify the extraordinary relief of vacating the [c]ourt's carefully considered opinion."  ECF No. 63 at 4-5.  According to defendant, the court "has already thoroughly considered and rejected" each of plaintiff's arguments.  Id. at 8; see also id. at 9, 10.  Defendant further argues in its response to plaintiff's motion to amend the judgment that plaintiff "points to no legal or factual error in the [c]ourt's carefully considered opinion," that would justify amending the judgment.  ECF No. 65 at 4.  Defendant contends that plaintiff's second amended complaint asserted claims about the patents in their entirety, the court "analyzed the asserted patents and their claims in their entirety," and plaintiff cannot retroactively cabin the court's judgment to only two claims.  Id. at 12; see also id. at 10-13.

The court agrees with defendant that plaintiff has not demonstrated that vacating or amending the judgment is appropriate in this case.  Plaintiff articulates no intervening change in the controlling law, relevant newly discovered evidence, or need to correct clear factual or legal error or to prevent manifest injustice in its motion.  See IAP Worldwide Servs., 141 Fed. Cl. at 801.  Although plaintiff asserts in its motion to vacate

---

[1]  Plaintiff also asserted that the recent issuance of another of its patents constitutes newly discovered evidence of eligibility.  See ECF No. 60 at 6-7.  According to plaintiff, this newly discovered evidence renders meritless defendant's argument in its motion to dismiss that the United States Patent Office rejected the similar claims of that patent on ineligibility grounds.  See id.  The court's decision was not premised on this argument, nor did the court find it pertinent to address as part of its eligibility analysis.  See generally ECF No. 54; see also id. at 2 (noting that the court "has considered all of the parties' arguments and addresses only the issues that are pertinent to the court's ruling" in its opinion).  The court, therefore, cannot credit plaintiff's argument that any newly discovered evidence on this point is relevant to its decision and declines to address the argument further in this opinion.

that the court failed to follow the controlling law, it did so by arguing that its "allegations were sufficient to contradict the court's conclusion." ECF No. 60 at 9 (citing Aatrix Software, Inc. v. Green Shades Software, Inc., 882 F.3d 1121, 1126 (Fed. Cir. 2018)). The court, however, stated in its opinion that it had reviewed plaintiff's allegations and its patents and determined that "plaintiff has not articulated a clear description of its patents" that would allow the court to find in its favor. ECF No. 54 at 16 (citing Aatrix, 882 F.3d at 1125). Likewise, plaintiff's claims of error fail to articulate more than plaintiff's disagreement with the court's conclusions. See ECF No. 60 at 10-14. Plaintiff's motion to vacate, therefore, fails to demonstrate the "extraordinary circumstances" necessary for the court to grant leave for reconsideration. IAP Worldwide Servs., 141 Fed. Cl. at 801.

In the court's view, plaintiff's arguments in its motion to vacate amount to an attempt to relitigate its prior arguments. See Froudi v. United States, 22 Cl. Ct. 290, 300 (1991) ("[A] motion for reconsideration is not a vehicle for giving an unhappy litigant an additional chance to sway the judge, nor is it intended to allow a party to make arguments already presented to, and rejected by, the court."). Plaintiff's claims of error are therefore more appropriate for resolution on appeal.

Likewise, in its motion to alter or amend the judgment, plaintiff fails to articulate any extraordinary circumstance that would support its argument that the court's judgment should be amended to apply to only two of plaintiff's independent claims. See ECF No. 62 at 3-6. Although plaintiff is correct that the court noted the independent claims specified by plaintiff in its opinion, plaintiff's argument that it "only asserted patent infringement over [two] independent claim[s]" is disingenuous. Id. at 2; see also id. at 5 (noting that the court referred to the two specific claims in its opinion). Plaintiff emphasized in its second amended complaint that defendant had infringed "at least" the two independent claims, ECF No. 42 at 33-34, and stated in its response to defendant's motion to dismiss that its second amended complaint "identifies many more claims from the patents," and that it "reserve[d] the rights to assert all the claims of the Asserted Patents that are infringed," ECF No. 51 at 15 n.8. The court thus analyzed the patents in their entirety in its opinion. See generally ECF No. 54. In the court's view, the judgment as to the whole of both patents is appropriate, and plaintiff fails to articulate a proper basis for altering or amending the judgment in this case.

The court declines to disturb its judgment in this case, and both plaintiff's motion to vacate judgment and plaintiff's motion to alter or amend judgment are denied.

### B. Plaintiff's Amendment Would Be Futile

In Foman, the Supreme Court of the United States held that where an amendment after judgment has issued would do "no more than state an alternative theory for recovery," and where "the underlying facts or circumstances relied upon by a plaintiff

5

may be a proper subject of relief . . . . the leave sought should, as the rules require, be 'freely given.'" Foman, 371 U.S. at 182.  The Court went on to clarify that such leave must be given in the absence of an "apparent or declared reason" to refuse it, such as futility of amendment or "repeated failure to cure deficiencies by amendments previously allowed."  Id.  The United States Court of Appeals for the Federal Circuit has not addressed Foman and the applicable standard for post-judgment motions to amend pleadings.  Therefore, despite the fact that a judgment has been entered in this case and reconsideration under RCFC 59(e) is not warranted, the court must consider plaintiff's motion to amend its complaint and will proceed with the analysis set forth in Foman to determine whether amendment is appropriate here.

In its opinion dismissing plaintiff's second amended complaint, the court set forth in detail the reasons that plaintiff could not state the infringement claims alleged in its complaint.  See ECF No. 54 at 12-19.  Plaintiff now seeks leave to amend its complaint a third time to "recite[ ] sufficient allegations that overcome Alice [Corp. Pty, Ltd. V. CLS Bank Int'l, 573 U.S. 208 (2014)] and the deficiencies noted in the court's order dismissing the second amended complaint."  ECF No. 61 at 4 (capitalization removed).  Plaintiff argues that in addition to "satisfy[ing] the concerns and deficiencies identified by this [c]ourt's decision," its proposed third amended complaint "asserts additional factual allegations that the claims are patent eligible, based on new evidence of the issuance" of a related patent.  Id. at 5 (capitalization removed).  Defendant responds that the amendment "cannot change the fact that the underlying asserted patents are directed to patent-ineligible subject matter."  ECF No. 64 at 6.  Defendant also argues that the proposed third amended complaint "merely reasserts arguments previously raised by [p]laintiff."  Id.; see also id. at 7-11 (comparing allegations in the third amended complaint with arguments previously raised by plaintiff).

In the court's view, leave to amend should be denied because plaintiff's amendment would be futile, and plaintiff has "repeated[ly] fail[ed] to cure deficiencies by amendments previously allowed."  Foman, 371 U.S. at 182; see also Chapman v. United States, 130 Fed. Cl. 216, 219 (2017) (collecting cases regarding futility of amendments).  Prior to the court's decision, plaintiff amended its complaint twice, first in response to defendant's motion to dismiss on eligibility grounds and once in response to the court's request for a more definite statement.  See ECF No. 25 (order granting first motion to amend); ECF No. 41 (order directing plaintiff to file a more definite statement).  In its opinion dismissing plaintiff's second amended complaint, the court reviewed the patents and determined that "[t]he facts regarding the 'character as a whole' of the asserted patents are clear and undisputed," that they are "directed at the abstract idea of 'collecting, analyzing, manipulating, and displaying data,' and 'filtering patient [physical] signals to increase accuracy.'"  ECF No. 54 at 16 (citations removed).  The court also found that plaintiff failed to sufficiently allege inventiveness, and therefore, its patents "are directed to ineligible subject matter."  Id. at 19.  Given the history of this

case and the court's thorough consideration of the patents as a whole, a third amendment would be futile. Plaintiff's motion to amend is therefore denied.

IV.     Conclusion

Accordingly, for the foregoing reasons:

(1)     Plaintiff's motion to vacate judgment, ECF No. 60, is **DENIED**;

(2)     Plaintiff's motion for leave to file an amended complaint, ECF No. 61, is **DENIED**; and

(3)     Plaintiff's motion to amend judgment, ECF No. 62, is **DENIED**.

IT IS SO ORDERED.

s/Patricia E. Campbell-Smith  
PATRICIA E. CAMPBELL-SMITH  
Judge